UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GIRMA GEBREMARIAM,<br><br>            Plaintiff,<br>    v.<br><br>SF POLICE DEPARTMENT,<br><br>            Defendant.<br>_____/ | No. C 15-00543 LB<br><br>**ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>[Re: ECF No. 7] |

## INTRODUCTION

On February 4, 2015, plaintiff Girma Gebramariam filed a complaint and an application to proceed *in forma pauperis*. (Complaint, ECF No. 1; IFP Application, ECF No. 3.[1]) Plaintiff consented to the undersigned's jurisdiction on February 10, 2015. (Consent (Plaintiff), ECF No. 5.) On February 13, 2015, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed his complaint without prejudice for failure to state a claim that is plausible on its face. (Order, ECF No. 6.) The court gave Plaintiff leave to file an amended complaint and "identify each claim clearly and state the specific facts that support each claim." (*Id.* at 5.) Plaintiff filed his first amended complaint on February 24, 2015. (First Amended Complaint, ECF No. 7.) For the reasons stated below, the court dismisses his first amended complaint without prejudice.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 15-00543 LB
ORDER

**STATEMENT**

In his original complaint, Plaintiff alleged that the San Francisco Police Department ("SFPD") violated his civil rights through its 24-hour surveillance, torture, and attempted murder of him. (Complaint, ECF No. 1 at 7.) He also alleged SFPD officers follow him on every block and harass him and "have been using me as an experimental object to follow me and make fun of me." (*Id.*) He further alleged "two Oakland police officers convinced DR. HENRY TUKLE M.D., who worked at the summit medical center at the time to inject me with a drug called RADIUM ISOTOPE (a radioactive chemical). "That was 22 years ago." (*Id.*) "With this drug, in my body they are using an electronic device and computer and smart phone to connect the drug to follow my every move by satellite track system." (*Id.*) "For the last 2 and ½ years the San Francisco police and all law enforcement used advantage the chemical in my body they have been using high tech electronic device and computer make me suffer and torture including while I am a sleep in order to kill me and claim that I was found dead." (*Id.*) He attached to his complaint a 32-page "list of harassment incidents" that lists the date, time, and location of approximately 100 incidents of harassment that have occurred since the beginning of 2014. (*Id.* at 12-44.)

The court found Plaintiff's complaint to be incoherent and lacking sufficient factual matter to state a claim to relief that is plausible on its face. His allegations, which were difficult to follow, did not sufficiently explain how his unspecified civil rights are being violated and does not plausibly suggest a claim against the SFPD. His allegation that the SFPD tracks him using a satellite was not plausible, and his allegation that it has tortured or attempted to murder him was not supported. His "list of harassment incidents" did not describe what actually happened at any of the incidents or show that the officers actually were following him. Even construing it liberally, his complaint lacked an arguable basis either in law or in fact. Accordingly, the court dismissed it without prejudice, granted Plaintiff leave to file a first amended complaint, and told him that he that "must identify each claim clearly and state the specific facts that support each claim." (Order, ECF No. 6 at 5.)

Plaintiff filed his first amended complaint on February 24, 2015. (First Amended Complaint, ECF No. 7.) The first amended complaint does not contain any allegations (like his original

complaint did) but is the same list of incidents with only the added line, "Followed Without Reason. Violated my Civil Rights Because I don't do nothing," to each incident. (*Id.*)

## ANALYSIS

### I. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure (Rule) 12(b)(6)."). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the *in forma pauperis* standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" where it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit .

1 . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

## II. The First Amended Complaint Lacks Sufficient Facts to State a Claim

Plaintiff amended his original complaint only by adding, "Followed Without Reason. Violated my Civil Rights Because I don't do nothing," to each incident recorded in his "list of harassment incidents." (First Amended Complaint, ECF No. 7 at 3-35.) Plaintiff states that each incident on the list indicates "the date, time. Place, the race of the officer, the car licence# and the incident performed against me." (*Id.* at 2.) Plaintiff claims that he was followed by the police on these occasions but pleads no facts to support that the actually followed him. The list only indicates that Plaintiff saw an officer at each of these times. He does provide any description of how they followed him as he moved, or spoke to him, or even that they saw him. Plaintiff also fails to specify which of his civil rights these officers violated.

Seeing a police officer on the street does not violate any civil right. If Plaintiff would like to file a second amended complaint he will need to include *specific* facts about what officers did on each of these occasions and state how those actions violated his civil rights. As it stands now, the court finds Plaintiff's first amended complaint to be incoherent and lacking sufficient factual matter to state a claim to relief that is plausible on its face. Even construing it liberally, it lacks an arguable basis either in law or in fact. Accordingly, the court dismisses it without prejudice.

## CONCLUSION

Based on the foregoing, the court dismisses without prejudice his first amended complaint. The United States Marshal shall not serve the complaint.

Plaintiff may file a second amended complaint no later than April 7, 2015. In it, Plaintiff must identify each claim clearly and state the specific facts that support each claim. If Plaintiff does not file a second amended complaint by April 7, 2015, the court will direct the Clerk of the Court to close the file in this case.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
LAUREL BEELER
United States Magistrate Judge

C 15-00543 LB
ORDER