**UNITED STATES DISTRICT COURT**

**For the Northern District of California**

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| GIRMA GEBREMARIAM,<br><br>                Plaintiff,<br>    v.<br><br>SF POLICE DEPARTMENT,<br><br>                Defendant.<br>_____/ | No. 3:15-cv-00543 LB<br><br>**ORDER DISMISSING WITH PREJUDICE THE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Re: ECF No. 15] |

## INTRODUCTION

Girma Gebramariam filed a complaint and an application to proceed *in forma pauperis* ("IFP"). The court previously granted the plaintiff's IFP application. The court now dismisses the plaintiff's second amended complaint with prejudice.

## STATEMENT

The plaintiff filed his original complaint and IFP application on February 4, 2015. (Complaint, ECF No. 1; IFP Application, ECF No. 3.[1]) The plaintiff consented to the undersigned's jurisdiction on February 10, 2015. (Consent, ECF No. 5.) On February 13, 2015, the court granted the plaintiff's IFP application and, after conducting a review under 28 U.S.C. § 1915, dismissed his complaint without prejudice for failure to state a claim that was plausible on its face. (Order, ECF No. 6.)

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

No. 3:15-cv-00543 LB
ORDER

In his initial complaint, the plaintiff alleged that the San Francisco Police Department ("SFPD") violated his civil rights through its 24-hour surveillance, torture, and attempted murder of him. (Complaint, ECF No. 1 at 7.) He also alleged that SFPD officers follow him on every block and harass him and "have been using me as an experimental object to follow me and make fun of me." (*Id.*) He further alleged that "two Oakland police officers convinced DR. HENRY TUKLE M.D., who worked at the summit medical center at the time to inject me with a drug called RADIUM ISOTOPE (a radioactive chemical)." (*Id.*) "That was 22 years ago." (*Id.*) "With this drug, in my body they are using an electronic device and computer and smart phone to connect the drug to follow my every move by satellite track system." (*Id.*) "For the last 2 and ½ years the San Francisco police and all law enforcement used advantage the chemical in my body they have been using high tech electronic device and computer make me suffer and torture including while I am a sleep in order to kill me and claim that I was found dead." (*Id.*) He attached to his complaint a 32-page "list of harassment incidents" that lists the date, time, and location of approximately 100 incidents of apparent harassment that have occurred since the beginning of 2014. (*Id.* at 12-44.) That list, however, did not describe what actually happened at any of the incidents.

The court found that the plaintiff filed to state a claim to relief that is plausible on its face. (Order, ECF No. 6.) The court gave the plaintiff leave to file an amended complaint and "identify each claim clearly and state the specific facts that support each claim." (*Id.* at 5.)

The plaintiff filed his first amended complaint on February 24, 2015. (First Amended Complaint, ECF No. 7.) The first amended complaint did not contain any new allegations but instead was the same list of incidents with only the added line, "Followed Without Reason. Violated my Civil Rights Because I don't do nothing," to each incident. (*Id.* at 3-35.) The plaintiff stated that each incident on the list indicates "the date, time. Place, the race of the officer, the car licence# and the incident performed against me." (*Id.* at 2.) Although he claimed that the police followed him on these occasions, he alleged no facts to support this theory. The list indicated only that the plaintiff saw an officer at each of these times; he did not provide any description of how they followed him as he moved, and he did not allege that they spoke to him or even saw him.

On March 24, 2015, the court dismissed without prejudice the first amended complaint. (Order,

ECF No. 9.) After describing how the first amended complaint and the list of incidents were insufficient to state a plausible claim for relief, the court told the plaintiff that simply "[s]eeing a police officer on the street does not violate any civil right." (*Id.* at 5.) The court also told the plaintiff that in any second amended complaint, he will need to include specific facts about what officers did on each of these occasions and state how those actions violated his civil rights. (*Id.*)

The plaintiff filed a second amended complaint on May 28, 2015. (Second Amended Complaint, ECF No. 15.) He appends his prior allegations and list of incidents as an exhibit, and he includes new allegations and references the following statutes: (1) 42 U.S.C. § 1983 for violations of his Fourth, Eighth, Thirteenth, and Fourteenth Amendment rights; (2) 42 U.S.C. § 13981, which is the the Violence Against Women Act ("VAWA") (although this may be a typographical error and instead may mean 42 U.S.C. § 1981); and (3) 18 U.S.C. § 245. (*Id.* at 1-8.) He alleges that from June 16, 2012 to the present he has been "the victim of administered extreme acts Of repetition 'harassment' under a secret 'SFPD' bigotry Profiling act by law enforcement agency of San Francisco police department[.]" (*Id.* at 3.) "[T]his use repetitious form of invoked city street intimidation escalated frequently into 'strategic hostile treatment[.]" (*Id.*) This was "by means of inhuman apartheid 'psychological treatment' by induce fear of his life and safety." (*Id.*) The specific "extreme act" of "strategic hostile treatment" that the SFPD allegedly "administered" on him was the use of "radium isotope (radioactive chemical)." (*Id.* at 2 (forcibly injected with "'radium isotope' (radioactive chemical) to subdu[e] an allegedly homeless suspect stopped by way selective profiling classification"); 6 ("use of bioweapons administering 'radiation chemical' harm warrants a violation of invasion of privacy by means of force and unwillingness[ ] 'compelled on plaintiff by lethal weapon"), 7 (the plaintiff's "right of 'free will' was restrained as to the administered 'bio chemical weapon' treatment by way of Disparity organize treatment by San Francisco police department"), and 13 (injection was 22 years ago.)

## ANALYSIS

### I. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua*

*sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of Federal Rule of Civil Procedure (Rule) 12(b)(6)."). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

"Frivolousness" within the meaning of the *in forma pauperis* standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" where it lacks an arguable basis either in law or in fact. *Id*. at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a

No. 3:15-cv-00543 LB
ORDER

4

complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Nevertheless, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

## II. THE SECOND AMENDED COMPLAINT IS FRIVOLOUS

Whether couched as claims under 42 U.S.C. § 1983 (for violations of the Fourth, Eighth, Thirteenth, and Fourteenth Amendments), 42 U.S.C. § 13981, 42 U.S.C. § 1981, or 18 U.S.C. § 245, the plaintiff's complaint is frivolous.

If the plaintiff really is bringing a VAWA claim (which the court doubts given that he is male), it fails. *See United States v. Morrison*, 529 U.S. 598, 627 (2000) (statute is constitutional); *United States v. Allen*, 341 F.3d 870, 880 (9th Cir. 2003) (the Supreme Court "in *Morrison* struck down 42

U.S.C. § 13981, a provision of the VAWA that provided a federal civil remedy for victims of gender-motivated violence"); *see also*, *e.g.*, *Barzyk v. Marsico*, No. 1:14-CV-2017, 2015 WL 136622, at *4 (M.D. Pa. Jan. 8, 2015) (dismissing a pro se plaintiff's VAWA claim upon conducting a section 1915 review because the Supreme Court held that the VAWA was unconstitutional). To the extent that the plaintiff alleges a VAWA violation, the court dismisses it with prejudice.

The plaintiff's claim under 18 U.S.C. § 245 also fails because it is a federal criminal statute that does not provide for civil liability or a private right of action by a private citizen. *See*, *e.g.*, *Ehlers v. C.I.A.*, No. 6:15-cv-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D. Cal. June 10, 2015) (dismissing with prejudice the pro se plaintiff's claim under 18 U.S.C. § 245 because "it is well established that there is no private right of action under" 18 U.S.C. § 245); *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (dismissing with prejudice the pro se plaintiff's claim under 18 U.S.C. § 245 because it a "federal criminal civil rights statute[ . . . , and a] private citizen may not sue under the federal criminal laws absent some language in the statute that suggests a private right of action," and no such language exists in 18 U.S.C. § 245). The court dismisses the claim with prejudice.

The plaintiff's civil-rights claim, whether alleged as a discrimination claim under 42 U.S.C. § 1981 or in the form of constitutional violations under 42 U.S.C. § 1983, also fails because he still has not alleged sufficient facts to plausibly suggest a claim against the SFPD. First, the plaintiff's allegation remain centered on the implausible and unsubstantiated theory that the SFPD has exposed him to radium isotopes as a means of torturing him for some reason. Numerous courts have dismissed similarly implausible and unsubstantiated claims as frivolous upon conducting a review under 28 U.S.C. § 1915. *See*, *e.g.*, *McGinnis v. Freudenthal*, 2011 WL 2312094 (10th Cir. June 10, 2011) (upholding dismissal of frivolous complaint alleging that the plaintiff was subjected to "torture by digital electromagnetic waves and other clandestine methods"); *Mendes v. United States*, 88 Fed. Cl. 759 (Fed. Cl.), app. dism'd, 375 Fed. App'x 4 (Fed. Cir. 2009) (upholding dismissal of frivolous complaint alleging that "zealot, fanatical women" employed by the FBI and CIA used "laser beam technology" against the plaintiff); *Cain v. City of Ventura*, No. CV 11-5390-DMG(E), 2011 WL 4403290, at *1-2 (C.D. Cal. July 7, 2011) (dismissing as frivolous the pro se plaintiff's

complaint that alleged that the "Ventura County Federal Schools Credit Union" subjected the plaintiff to "daily surveillance by military jets and helicopters . . . and by law enforcement vehicles and aircraft[, and to] purported torture by means of bioelectromagnetic devices and microwaves emitted from satellites") (collecting cases). Second, to the extent that the plaintiff's complaint can be read less fantastically and as focusing on police harassment, the plaintiff still has not included specific facts about what officers did on each of the occasions he was harassed or stated how those actions violated his civil rights. The court previously told him that he must do so in any second amended complaint. (*See* Order, ECF No. 9 at 5.) Given the court's previous guidance about what to allege and the plaintiff's failure to cure the deficiencies, the court does not think that another opportunity is warranted. The court dismisses the claims (whether under 42 U.S.C. § 1983 or 42 U.S.C. § 1981) with prejudice.

## CONCLUSION

The court dismisses the second amended complaint with prejudice. The United States Marshal need not serve the complaint. The court vacates all hearings and deadlines (including the September 24, 2015 case management conference). The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge