UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GIRMA GEBRAMARIAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN FRANCISCO POLICE DEPARTMENT,<br><br>　　　　Defendant. | D.C. Case No.  15-cv-00543-LB<br>Court of Appeals Case No. 15-17014<br><br>**ORDER REVOKING THE PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL**<br><br> [Re: ECF No. 23] |

Girma Gebramariam filed his original complaint and application to proceed *in forma pauperis* on February 4, 2015. (Complaint, ECF No. 1; IFP Application, ECF No. 3.) On February 13, 2015, the court granted his application to proceed *in forma pauperis* and, after conducting a review under 28 U.S.C. § 1915, dismissed his complaint without prejudice for failure to state a claim that was plausible on its face. (Order, ECF No. 6.)

In his original complaint, Mr. Gebramariam alleged that the San Francisco Police Department ("SFPD") violated his civil rights through its 24-hour surveillance, torture, and attempted murder of him. (Complaint, ECF No. 1 at 7.) He also alleged that SFPD officers follow him on every block and harass him and "have been using me as an experimental object to follow me and make fun of me." (*Id.*) He further alleged that "two Oakland police officers convinced DR. HENRY TUKLE M.D., who worked at the summit medical center at the time to inject me with a drug called RADIUM ISOTOPE (a radioactive chemical)." (*Id.*) "That was 22 years ago." (*Id.*) "With

ORDER (No. 3:15-cv-00543-LB)

this drug, in my body they are using an electronic device and computer and smart phone to connect the drug to follow my every move by satellite track system." (*Id.*) "For the last 2 and ½ years the San Francisco police and all law enforcement used advantage the chemical in my body they have been using high tech electronic device and computer make me suffer and torture including while I am a sleep in order to kill me and claim that I was found dead." (*Id.*) He attached to his complaint a 32-page "list of harassment incidents" that lists the date, time, and location of approximately 100 incidents of apparent harassment that have occurred since the beginning of 2014. (*Id.* at 12-44.) That list, however, did not describe what actually happened at any of the incidents.

The court found that Mr. Gebramariam failed to state a claim for relief that was plausible on its face. (Order, ECF No. 6.) The court gave him leave to file an amended complaint and "identify each claim clearly and state the specific facts that support each claim." (*Id.* at 5.)

Mr. Gebramariam filed his first amended complaint on February 24, 2015. (First Amended Complaint, ECF No. 7.) The first amended complaint did not contain any new allegations but instead was the same list of incidents with only the added line, "Followed Without Reason. Violated my Civil Rights Because I don't do nothing," to each incident. (*Id.* at 3-35.) Mr. Gebramariam stated that each incident on the list indicates "the date, time. Place, the race of the officer, the car licence# and the incident performed against me." (*Id.* at 2.) Although he claimed that the police followed him on these occasions, he alleged no facts to support this theory. The list indicated only that he saw an officer at each of these times; he did not provide any description of how they followed him as he moved, and he did not allege that they spoke to him or even saw him.

On March 24, 2015, the court dismissed without prejudice the first amended complaint. (Order, ECF No. 9.) After describing how the first amended complaint and the list of incidents were insufficient to state a plausible claim for relief, the court told Mr. Gebramariam that simply "[s]eeing a police officer on the street does not violate any civil right." (*Id.* at 5.) The court also told Mr. Gebramariam that in any second amended complaint, he will need to include specific facts about what officers did on each of these occasions and state how those actions violated his

ORDER (No. 3:15-cv-00543-LB)

2

civil rights. (*Id.*)

Mr. Gebramariam filed a second amended complaint on May 28, 2015. (Second Amended Complaint, ECF No. 15.) He appended his prior allegations and list of incidents as an exhibit, and he included new allegations and references the following statutes: (1) 42 U.S.C. § 1983 for violations of his Fourth, Eighth, Thirteenth, and Fourteenth Amendment rights; (2) 42 U.S.C. § 13981, which is the Violence Against Women Act ("VAWA") (although this may be a typographical error and instead may mean 42 U.S.C. § 1981); and (3) 18 U.S.C. § 245. (*Id.* at 1-8.) He alleged that from June 16, 2012 to the present he has been "the victim of administered extreme acts Of repetition 'harassment' under a secret 'SFPD' bigotry Profiling act by law enforcement agency of San Francisco police department[.]" (*Id.* at 3.) "[T]his use repetitious form of invoked city street intimidation escalated frequently into 'strategic hostile treatment[.]'" (*Id.*) This was "by means of inhuman apartheid 'psychological treatment' by induce fear of his life and safety." (*Id.*) The specific "extreme act" of "strategic hostile treatment" that the SFPD allegedly "administered" on him was the use of "radium isotope (radioactive chemical)." (*Id.* at 2 (forcibly injected with "'radium isotope' (radioactive chemical) to subdu[e] an allegedly homeless suspect stopped by way selective profiling classification"); 6 ("use of bioweapons administering 'radiation chemical' harm warrants a violation of invasion of privacy by means of force and unwillingness[ ] 'compelled on plaintiff by lethal weapon"), 7 (the plaintiff's "right of 'free will' was restrained as to the administered 'bio chemical weapon' treatment by way of Disparity organize treatment by San Francisco police department"), and 13 (injection was 22 years ago).)

On September 9, 2015, upon conducting a further § 1915 review, the court determined that Mr. Gebramariam's second amended complaint was frivolous and dismissed it with prejudice. (9/9/2015 Order, ECF No. 19.) To the extent that he actually meant to bring a VAWA claim, the claim failed because the Supreme Court previously held that the VAWA was unconstitutional. His claim under 18 U.S.C. § 245 also failed because it is a federal criminal statute that does not provide for civil liability or a private right of action by a private citizen. And his civil-rights claim, whether alleged as a discrimination claim under 42 U.S.C. § 1981 or in the form of constitutional violations under 42 U.S.C. § 1983, also failed because he did not allege sufficient facts to

ORDER (No. 3:15-cv-00543-LB)

1  plausibly suggest a claim against the SFPD. First, his allegations remained centered on the
2  implausible and unsubstantiated theory that the SFPD has exposed him to radium isotopes as a
3  means of torturing him for some reason. Second, to the extent that his second amended complaint
4  could be read less fantastically and as focusing on police harassment, he did not included specific
5  facts about what officers did on each of the occasions he was harassed or stated how those actions
6  violated his civil rights, despite the court telling him that he must do so in any second amended
7  complaint.

8  Mr. Gebramariam filed a notice of appeal on October 7, 2015. (Notice of Appeal, ECF No.
9  22.) On October 13, 2015, the Court of Appeals referred the matter to this court for the purpose of
10 determining whether Mr. Gebramariam's *in forma pauperis* status should continue for the appeal.
11 (Referral Notice, ECF No. 23.)

12 "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is
13 not taken in good faith." 28 U.S.C. § 1915(a)(3). This section is generally construed to mean that
14 an appeal must not be frivolous. *See*, *e.g.*, *Coppedge v. United States*, 369 U.S. 438, 445 (1962)
15 (holding that the term "'good faith' . . . must be judged by an objective standard" and is
16 demonstrated when appellant seeks review "of any issue not frivolous"); *Ellis v. United States*,
17 356 U.S. 674, 674 (1958) (noting that "[i]n the absence of some evident improper motive, the
18 applicant's good faith is established by the presentation of any issue that is not plainly frivolous");
19 *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that "[i]f at least one
20 issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be
21 granted for the case as a whole"). An issue is frivolous if it has "no arguable basis in fact or law."
22 *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d
23 1221, 1228 (9th Cir. 1984)).

24 The court finds that Mr. Gebramariam's appeal is frivolous for the same reasons that it found
25 his second amended complaint to be frivolous. Accordingly, the court revokes Mr. Gebramariam's
26 *in forma pauperis* status for purposes of his appeal. The Clerk shall forthwith notify Mr.
27 Gebramariam and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4). Mr.
28 Gebramariam may file a motion for leave to proceed *in forma pauperis* on appeal in the Court of

ORDER (No. 3:15-cv-00543-LB)

4

1  Appeals within thirty days after service of this order. *See* Fed. R. App. P. 24(a)(5). Any such
2  motion "must include a copy of the affidavit filed in the district court and the district court's
3  statement of reasons for its action." *Id.*

4  **IT IS SO ORDERED.**

5  Dated: October 30, 2015



6  ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
   LAUREL BEELER
7  United States Magistrate Judge

ORDER (No. 3:15-cv-00543-LB)

5